IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 04-90-KAJ |
| ) | |
| GBEKE AWALA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Introduction

This is a criminal action in which the defendant, Gebeke Awala ("Awala"), is charged with illegal reentry after deportation, a violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Docket Item ["D.I."] 25.) Despite the urging of this court that he take full advantage of his right to counsel, Awala has insisted upon appearing pro se. (D.I. 20.)[1] The case is scheduled for trial beginning on January 17, 2006. I have before me literally dozens of motions filed by Awala, who is nothing if not prolific.[2] I earlier dealt

---

[1] On May 24, 2005, based on Awala's uncontrolled behavior during a May 17 suppression hearing, I appointed Samuel C. Stretton, Esq. to serve as stand-by counsel. (D.I. 79.)

[2] In addition to his barrage of pretrial filings in this case, Awala has filed several pro se civil actions, including *Awala v. Christopher Koyste, DRBAPD Delaware, and Homeland Security Office*, C.A. No. 05-97-KAJ; *Awala v. Federal Public Defender, American Bar Association, Director of the Administrative Office, Government Printing Office, Judicial Conference, and State Public Defenders, Salem County, New Jersey*, C.A. No. 05-281-KAJ; *Awala v. Congress, et al.*, C.A. No. 05-307-KAJ; *Awala, et al. v. Federal Reserve Bank, Bank of America Corp., and US Office of Controller of the Currency, et al.*, C.A. No. 05-367-KAJ; *Awala v. US Department of State International Child Abduction and US Embassy Nigeria*, C.A. No. 05-368-KAJ; *Awala v. State of Delaware, Governor Ruth Ann Minner, and Secretary Treasury Dept., Awala v. Samuel C. Stretton*, C.A. No. 05-472-KAJ; and *Awala v. Kent A. Jordan, Peter T. Dalleo and*

with several of his filings (D.I. 73), but that seems only to have whetted his appetite for generating motions, petitions, demands, and various other documents (collectively, the "Motions") which, if any design can be discerned, appear aimed at supporting his defense that he is really a United States citizen and therefore cannot be guilty of the charged offense. Time is too precious a commodity to spend it describing Awala's numerous outlandish filings.[3] Suffice it to say that all 37 (at last count) of the Motions are denied.

Background

The facts leading to the indictment in this case are straightforward. On August 12, 2004, Awala, driving a rental truck and wearing nothing but a "Speedo" brand bathing suit,[4] was arrested while trying to pay the toll at the Delaware Memorial Bridge with a check. When investigation showed him to be a Nigerian citizen who had previously been deported from the United States following a conviction for an

---

*Beth Moskow Schnoll*, C.A. No. 05-783-KAJ. In per curiam opinions dismissing two of his civil suits, the United States Court of Appeals for the Third Circuit has observed that "Awala's filings are confused and convoluted[,]" *Awala v. Wachovia Corp.*, No. 05-3381, slip op. at 2 (3d Cir. Dec. 8, 2005), and that "Awala's pleading ... is difficult to comprehend, much less classify." *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863, slip op. at 3 (3d Cir. Dec. 8, 2005). Those characterizations fit the defendant's filings in this case as well.

[3] A chart summarizing those filings is set forth at the conclusion of this Order. One of Awala's motions that I did grant earlier was his request for a psychological evaluation to determine his competency to stand trial. (D.I. 75, 79.) The examining professionals concluded that Awala is competent. (D.I. 120.)

[4] At the suppression hearing, Awala did not initially dispute that he was wearing that unusual attire when arrested, and, in fact, asked the arresting officer, "could you see my nakedness[?]" (Tr. at 18:14; D.I. 85.) He later said, however, that he was also wearing, "a long coat like what you had, Your Honor, that looks like a choir gown." (*Id.* at 107:13.)

aggravated felony,[5] he was placed in federal custody and indicted on the pending charge.

Discussion

Some of Awala's motions, like his "Motion for Selection of Jurors" (D.I. 118), appear to seek relief that he need not ask for because he is entitled to it without request and it is provided in the ordinary course of criminal proceedings[6] or because he has already received the relief he requests.[7] To the extent the Motions seek such relief, they do not address any point in contention and are denied as moot. In the motion just mentioned for example, Awala asks for "the number of premptory [sic] challenges provided by 28 U.S.C. Section 1870, as applicable following the District Court Local Rules." (*Id.* at 1.) Since the cited statute applies to civil trials, not a criminal proceeding like this, Awala has referenced the wrong authority, but he will receive the opportunity to make the peremptory challenges he is entitled to by law.[8] According to Federal Rule of Criminal Procedure 24(b)(2), "The government has 6 peremptory challenges and the defendant ... [has] 10 peremptory challenges when the defendant is charged with a

---

[5]According to the government, Awala was convicted in 1997 for conspiracy to commit bank fraud. (D.I. 129 at 1.)

[6]Another such motion is Docket Item 111, Awala's "Motion for Pre-Trial Conference Final – or Intermediate," in which he asks for a pretrial conference to address a variety of matters. There will indeed be a pretrial conference. Whether it addresses every issue Awala would like to raise is, of course, another matter.

[7]His August 29, 2005 "Motion for Disclosure, Report Psychiatric Examination" (D.I. 112) is moot because a copy of the September 27, 2005 competency evaluation (D.I. 120) has been forwarded to Awala and he has responded to it (D.I. 125).

[8]Similarly, Awala has wrongly relied on Federal Rule of Civil Procedure 16 in seeking relief. (*See* D.I. 117.)

3

crime punishable by imprisonment of more than one year." Thus Awala has more than the peremptory challenges he asks for by incorrectly citing the statute regarding civil jury trials. To the extent this particular motion seeks to displace the court's customary procedure for conducting jury voir dire, it is unfounded and is also denied for that reason.[9]

Others among the Motions are mostly or entirely incomprehensible. For example, I am not sure what to make of his "Motion to Oppose Conspiracy Treatment and Prejudice" (D.I. 112), in which he appears to complain about having standby counsel, claiming that the "United States Supreme Court had reversed many convictions due to the effective misconduct of this court, outlawing the interest of the defnse [sic] in this Case, such continuing deprivation of mr awala [sic] civil rights guanranteed [sic] by the Constitution this Court conspired and maintained the crazy, child abuse ... ." (*Id.*) To the extent he is seeking to have the appointment of standby counsel withdrawn, this motion is itself a demonstration of the need for such counsel's presence in the case. If Mr. Awala is either unable or unwilling to maintain his focus on the simple charge in this case, illegal reentry after deportation, and if he becomes erratic or obstreperous in his behavior in court, his standby counsel will be asked to take over the defense and Mr. Awala will be removed, placed in a cell with audio and video links to the courtroom, given opportunities at breaks and, if possible, by telephone to communicate with his counsel, and the trial will proceed. I cannot permit the administration of justice to be hijacked by the defendant's antics.

---

[9]A copy of the standard criminal voir dire questions used by the court is attached for Awala's reference.

4

At my instruction (D.I. 122), the government has responded to several of the pending Motions. (*See* D.I. 129.) I have reviewed that response and find the government's positions persuasive. I therefore adopt them as my rulings on the motions cited therein, consistent with the rulings and guidance I have expressed herein.[10]

Conclusion

For the foregoing reasons, Awala's pretrial Motions (*see* attached list of docket item numbers) is DENIED. The pretrial conference and trial will proceed as scheduled.

                                                                                     /s/ [signature]
                                                                                     UNITED STATES DISTRICT JUDGE

December 12, 2005
Wilmington, Delaware

---

[10] I have, for example, provided further reasoning regarding D.I. 118, but the result is the same and the reasons cited by the government are also sound.