IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
GBEKE MICHAEL AWALA,             :
                                 :
      Movant/Defendant,          :
                                 :
v.                               :  Cr. A. No. 04-90-JJF
                                 :  Civ. A. No. 08-527-JJF
                                 :
UNITED STATES OF AMERICA,        :
                                 :
      Respondent/Plaintiff.      :
```

## MEMORANDUM OPINION[1]

_____

Gbeke Michael Awala.  Pro se Movant.

Ilana H. Eisenstein, Assistant United States Attorney, United
States Department of Justice, Wilmington, Delaware.  Attorney for
Respondent.

_____

December 30, 2009
Wilmington, Delaware

_____

[1]This case was re-assigned to this Court's docket on March
12, 2008.

Joseph J. Farnan Jr.
**Farnan, District Judge**

Gbeke Michael Awala ("Movant") filed a Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 while he was imprisoned in U.S.P. Canaan. (D.I. 283.) Respondent filed an Answer in opposition, and Movant filed a Reply. (D.I. 291; D.I. 297.) For the reasons discussed, the Court will deny Movant's § 2255 Motion without holding an evidentiary hearing.

## I.  PROCEDURAL AND FACTUAL BACKGROUND

In May 1997, Movant pled guilty in the United States District Court for the District of Southern New York to one count of bank fraud in violation of 18 U.S.C. § 1344. See United States v. Awala, Cr. A. No. 96-1038 (S.D.N.Y. May 5, 1997); (D.I. 64.). The Honorable Charles L. Brieant sentenced Movant to eighteen months of imprisonment, followed by two years of supervised release. United States v. Awala, Cr. A. No. 96-1038, D.I. 31 (S.D.N.Y. May 5, 1997). As a special condition of supervision, Movant was not permitted to re-enter the United States, if deported, without the permission of the Attorney General of the United States. Id. Movant was deported from the United States on November 13, 1999. (D.I. 64.)

Movant re-entered the United States on July 18, 2004, from Canada through Niagara Falls, New York. Id. On August 24, 2004, the federal grand jury for the District of Delaware returned a one-count Indictment charging Movant with illegal re-entry after

1

deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). (D.I. 5.) A two-day jury trial commenced in January 2005. Movant exercised his right to self-representation, with attorney Samuel Stretton present as stand-by counsel.

During Movant's trial, the Government introduced evidence to demonstrate that Movant had been previously removed from the United States and that he had not received permission to return. Movant's primary defense at trial was that he was a citizen of the United States. The Government, however, presented the following evidence to show that Movant is, in fact, a citizen of Nigeria, not the United States:

1. Movant's Nigerian birth certificate.

2. An application for United States citizenship submitted by Movant on April 20, 1995, on which Movant represented that he was born in Nigeria and was a citizen of Nigeria. Movant also certified that he had lived in Nigeria from his birth in 1971 until his first entry into the Untied States in 1993.

3. Movant's sworn statement on an I-877 form, verifying that he was born and raised in Nigeria.

4. The September 20, 1999 Order and Warrant of Removal issued by an immigration judge ordering Movant's removal from the United States.

5. An emergency certificate issued by the Consulate General of Nigeria to Movant certifying that Movant stated he is a Nigerian citizen.

6. Movant's post-Miranda confession that he is not a United States citizen.

(D.I. 193, at B-74 to B-76; D.I. 293, Brief of Appellant in United States v. Awala, Nos. 05-5479 & 06-2718, at pp. 10-14.)

On January 18, 2005, the jury convicted Movant of illegal re-entry after deportation. On May 11, 2006, the Honorable Kent A. Jordan sentenced Movant to fifty-one months of imprisonment followed by three years of supervised release. (D.I. 228.)

Movant appealed, and the Third Circuit Court of Appeals affirmed his conviction and sentence on January 11, 2008. See United States v. Awala, Nos. 05,5479 & 06-2718 (3d Cir. Jan. 11, 2008). Thereafter, Movant filed volumnious and mostly unintelligible pro se motions and pleadings in this Court. In an Order dated July 18, 2008, the Court construed many of the motions as a request to Vacate, Set Aside, or Correct Movant's sentence pursuant to 28 U.S.C. § 2255, and directed Movant to consolidate his request on one single form § 2255 application provided by the Court. (D.I. 281.) Movant complied and filed a new pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, along with an accompanying Memorandum of Law. (D.I. 283; D.I. 284.) Respondent filed an

Answer in Opposition, to which Movant filed a Reply, a Motion requesting leave to file a writ of mandamus, and a Motion For Judgment Of Acquittal, Motion For New Trial, and Petition For Writ Of Mandamus Compelling Government To Pay ($25 Billion) In U.S. Currencies To Defendant. (D.I. 291; D.I. 297; D.I. 300; D.I. 302.) The § 2255 Motion is ready for review.

## II. EVIDENTIARY HEARING

Section 2255 requires a district court to hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. After reviewing the record and filings in this case, the Court concludes that the record definitively establishes that Movant is not entitled to relief. Therefore, an evidentiary hearing is not required.

## III. DISCUSSION

Movant's § 2255 Motion asserts five claims: (1) Movant's family members were murdered by U.S. military officials and U.S. Marshals in the United States and abroad; (2) the genocide committed by the United States violated 18 U.S.C. § 1091(a), thereby entitling Movant to twenty-five billion dollars in damages; (3) "the grant of National Security Agent Access to

4

certain Federal employees should be revoked" due to the
employees' part in the genocide; (4) Movant is entitled to a de
novo determination of his citizenship in deportation proceedings;
and (5) standby counsel provided ineffective assistance.

### A. Claims One, Two, and Three

A motion to vacate, set aside, or correct sentence pursuant
to 28 U.S.C. § 2255 is a post-conviction remedy for federal
prisoners that permits "[a] prisoner in custody under sentence of
a [federal] court" to "move the court which imposed the sentence
to vacate, set aside, or correct the sentence" upon the ground
that "the sentence was imposed in violation of the Constitution
or laws of the United States." Movant was convicted of illegal
entry after deportation. Claims One, Two, and Three assert
primarily unintelligible arguments based on allegations of
genocide and a claim for monetary damages, and none of these
allegations pertain to Movant's conviction and sentence for
illegal re-entry after deportation. Thus, the Court concludes
that Claims One, Two, and Three do not present issues cognizable
in a proceeding brought pursuant to § 2255.

### B. Claim Four

Claim Four appears to relate to Movant's prior deportation
proceeding rather than to the criminal proceedings that occurred
in this Court in 2004. Nevertheless, liberally reading Movant's
argument, the Court construes Claim Four as challenging the

5

sufficiency of the evidence used to establish that Movant is not a citizen of the United States.

As a general rule, § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993). The record in this case reveals that Movant challenged the sufficiency of the evidence demonstrating that he was not a citizen of the United States during his direct appeal. The Third Circuit Court of Appeals held that there was sufficient evidence to support the jury verdict and denied this claim. See United States v. Awala, 269 Fed. Appx. 469, 471 (3d Cir. Jan. 11, 2008). Therefore, the Court cannot reconsider Claim Four in this § 2255 proceeding.

## C. Claim Five

In Claim Five, Movant contends that stand-by counsel provided ineffective assistance by not adequately preparing for trial, by failing to secure an expert witness' testimony, and by not effectively cross-examining the Government's witnesses. (D.I. 283; D.I. 297, at p.16.) Movant also appears to argue that stand-by counsel was ineffective for failing to object to the murder of defense witnesses during his trial and by failing to raise the issue of this genocide on direct appeal. (D.I. 297, at p.17.)

6

Movant has properly raised his ineffective assistance of counsel claim in a § 2255 motion rather than on direct appeal. Massaro v. United States, 538 U.S. 500 (2003); United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993). However, to prevail on the instant ineffective assistance of counsel claim, Movant must satisfy the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under Strickland's first prong, Movant must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Id. at 688. Under the second prong of the Strickland test, Movant must affirmatively show that counsel's deficient performance prejudiced his case. Strickland, 466 U.S. at 692-93. In other words, Movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. And finally, "[a] court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." See Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

To begin, Movant represented himself from October 18, 2004 (D.I. 20.) until January 18, 2006, when he was removed from the

7

courtroom after his testimonial outburst. At that point, stand-
by counsel assumed responsibility for the defense, but only
provided the closing argument for the trial and then represented
Movant on direct appeal. Given this record, the Court concludes
that Movant's complaints regarding stand-by counsel's alleged
failure to adequately prepare for trial, secure an expert
witness' testimony, and effectively cross-examine the
Government's witnesses are factually baseless and therefore fail
to satisfy either prong of Strickland.

     As for Movant's complaint that stand-by counsel did not
raise the issue of genocide on direct appeal, Movant has failed
to satisfy the prejudice prong of Strickland because he has not
established a reasonable probability that his appeal would have
been decided differently if counsel raised this argument.  In
turn, the Court rejects Movant's allegations regarding stand-by
counsel's alleged role in the "genocide" of his relatives as
unsupported and frivolous.

     And finally, to the extent Movant's mostly unintelligible
statements asserted in the instant § 2255 proceeding could be
construed as raising other arguments regarding stand-by counsel's
alleged ineffective assistance from January 18, 2006 onward,
Movant cannot demonstrate that he was prejudiced by stand-by
counsel's actions. A defendant is guilty of illegal re-entry
following deportation if: (1) the defendant was an alien at the

8

time of the offense alleged in the indictment; (2) the defendant had been deported from the United States prior to the time of the offense alleged in the indictment; (3) the defendant was found in the United States; and (4) the defendant had not received the express permission of the Attorney General to apply for readmission. 8 U.S.C. § 1326. The only element challenged by Movant at trial and in this proceeding is the Government's contention that he was an alien at the time of the offense alleged in the 2004 indictment. Stand-by counsel challenged the same citizenship element in a motion for new trial (D.I. 186; D.I. 187.), and then again on direct appeal. As previously explained, the Third Circuit Court of Appeals held that there was substantial evidence that Movant was not a United States citizen in 2004 (or at any other time).[2] Accordingly, the Court will deny Claim Five as meritless.

## D. Motion for Leave to File Writ of Mandamus

During the pendency of this proceeding, Movant filed a document titled "Motion For Leave To File A Writ Of Mandamus" requesting injunctive relief and a declaratory judgment under the "Genocide Statute," 18 U.S.C. § 1091(a). (D.I. 300.) However,

---

[2]The evidence consisted of Movant's Nigerian birth certificate and certification from Nigeria that Movant is a Nigerian citizen, as well as Movant's numerous prior statements admitting he was not born in the United States, that he is a Nigerian citizen, and that his parents are not United States citizens.

9

because this "Motion" does nothing more than reiterate the same unintelligible assertions of genocide that Movant raised in his § 2255 Motion, as well as reassert his request for monetary damages for such genocide, the Court views the Motion For Leave as a supplemental memorandum in support of his § 2255 Motion. In turn, having already determined that Movant's genocide arguments do not provide a proper basis for relief under 28 U.S.C. § 2255, the Court will deny the Motion For Leave To File A Writ Of Mandamus. (D.I. 300.)

**E. Motion For Judgment Of Acquittal, Motion For New Trial, and Petition For Writ Of Mandamus Compelling Government To Pay ($25 Billion) In U.S. Currencies To Defendant**

Movant has filed a document titled "Motion For Judgment Of Acquittal, Motion For New Trial, And Petition For Writ Of Mandamus Compelling Government To Pay ($25 Billion) In U.S. Currencies to Defendant." (D.I. 301.) This document appears to assert three arguments. First, Movant contends that he is entitled to a new trial or judgment of acquittal because his due process rights were violated when he was forced to watch his ongoing trial via a live video transmission. More specifically, Movant appears to allege that the video transmission was somehow deficient because he is blind in one eye and because he was not able to fully hear the debates taking place in the courtroom. Second, Movant asserts a mostly unintelligible argument regarding the doctrine of forum non conveniens, and states that the

10

Department of Homeland Security must return his baptismal

certificate and circumcision records.  And third, Movant contends

that the Court can exercise "advisory mandamus jurisdiction" and

award him a total of twenty-five billion dollars in damages for

intentional infliction of emotional distress (five billion

dollars), wrongful death (five billion dollars), genocide (five

billion dollars), torture (five billion dollars, economic loss

(five billion dollars), and mental distress (five billion

dollars).[3]  Movant contends that these damages are necessary to

compensate him for the torts of false arrest and false

imprisonment that occurred without any justification or legal

authority.

     To the extent these three arguments raise new issues not

previously presented in his § 2255 Motion, the Court will deny

the arguments because they constitute untimely amendments to his

timely filed § 2255 Motion.[4]  Fed. R. Civ. P. 15(a),(c);  <u>United</u>

_____

     [3]The Court notes that these damages alleged by Movant
actually total thirty billion dollars, not twenty-five billion
dollars.

     [4]Movant's due process and forum non conveniens arguments do
not clarify or amplify claims that were raised in the timely
filed § 2255 Motion, and the AEDPA's one-year limitations period
expired prior to December 7, 2009, the date on which Movant filed
the instant Motion.  See <u>Mayle v. Felix</u>, 545 U.S. 644 (2005);
<u>U.S. v. Thomas</u>, 221 F.3d 430, (3d Cir. 2000)("Under Fed. R. Civ.
P. 15(c), an amendment . . . clarif[ying] or amplif[ying] a claim
or theory in the petition may, in the District Court's
discretion, relate back to the date of the petition if and only
if the petition was timely filed and the proposed amendment does
not seek to add a new claim or to insert a new theory into the
case").

States v. Duffus, 174 F.3d 333, 336-37 (3d Cir. 1999)(finding that a new ineffective assistance of counsel claim asserted in a motion to amend after AEDPA's limitations period had already expired did not relate back to an ineffective assistance of counsel claim asserted in the original timely habeas petition). To the extent the arguments can be construed as providing additional support for any of the claims raised in the § 2255 Motion, the Court will deny the arguments for the reasons already set forth in the text of this Memorandum Opinion.

Additionally, with respect to Movant's instant Petition for Mandamus Relief, the Court notes that Movant is asking the Court to award him twenty-five billion dollars in damages for his alleged false arrest and false imprisonment. Although titled a "Petition For A Writ Of Mandamus," the "Petition" is actually nothing more than a claim for damages, which cannot be pursued under 28 U.S.C. § 2255. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Moreover, Movant's current request for twenty-five billion dollars stems from his alleged false arrest and false imprisonment claims, not from the genocide alleged in his Motion For Leave To File Writ Of Mandamus (D.I. 300.). The Court notes that, on November 24, 2008, in one of Movant's numerous other cases filed in this District, the Court issued a Memorandum Order enjoining Movant from filing "any complaint, lawsuit, or petition for writ of mandamus, related to his underlying criminal case (with the exception of a § 2255 motion)" without prior

authorization from this Court.   See Awala v. Wood, Civ. Act. No.
08-147, Mem. Order (D. Del. Nov. 24, 2008).   The record clearly
reveals that Movant did not seek or obtain authorization from
this Court before filing the instant "Petition For Writ Of
Mandamus."   Therefore, the Court summarily denies the Petition
pursuant to its Memorandum Order dated November 24, 2008 in Awala
v. Wood, Civ. Act. No. 08-147, Mem. Order (D. Del. Nov. 24,
2008).

Accordingly, for all of the reasons set forth above, the
Court will deny Movant's "Motion For Judgment Of Acquittal,
Motion For New Trial, and Petition For Writ Of Mandamus
Compelling Government To Pay ($25 Billion) In U.S. Currencies To
Defendant."   (D.I. 301.)

## IV.   CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a
certificate of appealability.   See 3d Cir. L.A.R. 22.2 (2008).   A
certificate of appealability is appropriate when a petitioner
makes a "substantial showing of the denial of a constitutional
right" by demonstrating "that reasonable jurists would find the
district court's assessment of the constitutional claims
debatable or wrong."   28 U.S.C. § 2253(c)(2);   Slack v. McDaniel,
529 U.S. 473, 484 (2000).

The Court has concluded that the instant § 2255 Motion does
not warrant relief.   In the Court's view, reasonable jurists

13

would not find this conclusion to be debatable.  Accordingly, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons stated, the Court will deny Movant's 28 U.S.C. § 2255 Motion To Vacate, Set Aside, Or Correct Sentence without an evidentiary hearing, and will not issue a certificate of appealability.  An appropriate Order will be entered.

14