IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | : |
| | : |
|    Movant/Defendant, | : |
| | : |
| v. | :   Cr. A. No. 04-90-JJF |
| | :   Civ. A. No. 08-527-JJF |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
|    Respondent/Plaintiff. | : |

**MEMORANDUM ORDER**

Movant Gbeke Michael Awala has filed "Motion For Reconsideration, Evidentiary Hearing, and Certificate of Appealability." (D.I. 304.) For the following reasons, the Motion (D.I. 304.) is **DENIED** in its entirety.

To begin, a motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided.

<u>Brambles USA Inc. v. Blocker</u>, 735 F. Supp. 1239, 1240 (D.Del. 1990).

On December 30, 2009, the Court denied Movant's § 2255 motion in its entirety, after determining that the claims alleging genocide and requesting money damages were not cognizable, the claim challenging prior decisions regarding his citizenship was procedurally barred, and the claim alleging ineffective assistance of counsel was without merit. <u>See</u> (D.I. 302; D.I. 303.) Because Movant's Motion for Reconsideration merely re-asserts longer versions of these same arguments, he has failed to provide the Court with a reason to grant his Motion for Reconsideration. Moreover, to the extent Movant suggests that the Court committed a clear error of law, the Court is unpersuaded. Therefore, the Court concludes that Petitioner's argument does not warrant reconsideration of its decision.

Having denied Movant's Motion For Reconsideration, the Court will deny Movant's request for an evidentiary hearing as moot. Additionally, the Court will not issue a certificate of appealability because Movant has failed to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

_March 9, 2010_
DATE

_[signature]_
UNITED STATES DISTRICT JUDGE